## THE BLACK RIVER AND UTICA RAIL ROAD COMPANY *vs.* BARNARD.

When the proceedings for the organization of a rail road corporation are regular upon their face, and the company, while in the actual exercise of all its corporate functions, is recognized by the legislature as a corporation, it becomes, by such recognition, *ipso facto,* a legal corporation.

Any defect, or irregularity, in the proceedings required by law to be taken for its organization, should be deemed to be waived by such recognition.

The power which prescribes the formalities to be observed in order to create a corporation, is able to dispense with them.

Where the articles of association of a rail road corporation were in proper form, and properly authenticated and certified, and so far as such articles were concerned, all the requirements of the statute had been complied with; and the company had assumed corporate functions, built a portion of its road and gone into actual operation, and had been doing business some five years; the defendant being one of the directors and acting as such for several months; and the legislature had, by three several acts, distinctly recognized its corporate existence; *Held,* in an action by the corporation to recover calls upon its capital stock, that it was to be deemed a legal corporation, and authorized to sue, as such.

APPEAL from a judgment entered upon the report of a referee. The action was brought to recover $1000 and interest, being the balance of a subscription of $2000, alleged to have been made by the defendant to the capital stock of the plaintiffs' company. The referee reported in favor of the plain-

Black River and Utica Rail Road Co. *v.* Barnard.

tiffs for the balance claimed to be due, and the defendant appealed.

*Ward Hunt*, for the appellant,

*E. A. Graham*, for the plaintiffs.

*By the Court*, PRATT, J.    The only point made upon the trial of this cause was, that the company was not duly organized as a corporation.    It was not claimed that the subscription of the defendant was void for want of consideration, or for any reasons of public policy, but it was simply claimed that all the requirements of the statute, necessary to the due organization of the company as a rail road corporation, had not been observed.    The exceptions taken were to the ruling of the referee excluding testimony offered for the purpose of showing that all the statutory requirements had not been complied with.    Substantially the same ground was taken by the counsel for the appellant upon the argument of this appeal. This, then, as I understand the case, is the only question before us for our consideration; for had the position been taken upon the trial that the subscription itself was void for any reason, we cannot say that the ruling would not have been different.    Our consideration, therefore, it seems, should be confined to the legal proposition raised upon the trial, and should not be extended to any other.

The simple question then is, were the plaintiffs, at the time of the several calls for which this action is brought, and are they now, a valid legal corporate body?

The articles of association were in proper form, and properly authenticated and certified.  So far as the articles themselves are concerned, all the requirements of the statute have been complied with.  The company also assumed corporate functions and went into actual operation, and had been in operation some five years, when this suit was commenced, the defendant himself being one of the first directors and acting as such for several

months, and the company is now in actual operation. The law-making power of the state, by three several acts, have distinctly recognized its corporate existence. (*See Session Laws* 1853, *ch.* 278; 1854, *ch.* 12; 1856, *ch.* 117.)

Now I am not prepared to say that there may not be such actual defects or frauds in the organization of a rail road company, not appearing in the articles of association, that its legal existence may be questioned collaterally; that because articles of association, purporting to be regular upon their face, are filed, therefore a corporation *de facto* springs into existence, which can only be annulled by direct proceedings in the nature of a quo warranto. But when the proceedings are regular upon their face, and the company, while in the actual exercise of all its corporate functions, is recognized by the law-making power of the state as a corporation, it becomes by such recognition, *ipso facto*, a legal corporation. (9 *Wend.* 380. 3 *Comst.* 470.) Any defect or irregularity in the proceedings required by law to be taken for its organization, should be deemed to be waived by such recognition.

Clearly the power which prescribes the formalities to be observed in order to create a corporation, is able to dispense with them. The judgment must therefore be affirmed.

[ONONDAGA GENERAL TERM, January 4, 1859. *Pratt, Bacon, W. F. Allen* and *Mullin*, Justices.]